UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| I F G PORT HOLDINGS L L C | : | CIVIL ACTION NO. 2:24-CV-01288 |
| VERSUS | : | JUDGE JAMES D. CAIN, JR. |
| TODD & SARGENT INC. ET AL | : | MAGISTRATE JUDGE LEBLANC |

## MEMORANDUM ORDER

Before the court is Plaintiff's *Ex Parte* Motion for Leave to File Under Seal [doc. 28] filed by IFG Port Holdings LLC ("IFG"), seeking to file under seal an unredacted version of IFG's Memorandum in Support of Motion to Remand and Exhibit A thereto. Exhibit A is a March 2015 settlement agreement (the "Settlement Agreement") entered between IFG and Defendants, Todd & Sargent, Inc. ("T&S"), Hartford Fire Insurance Company, and Navigators Insurance Company. IFG's motion certifies T&S does not oppose the motion but is silent with respect to the other defendants.

Also before the court is T&S's Ex Parte Motion for Leave to File Exhibit Under Seal [doc. 37], which seeks to file the Settlement Agreement under seal as it is an exhibit to T&S's opposition to IFG's Motion to Remand. T&S's motion does not include a LR7.4.1 certification that defense counsel sought plaintiff's counsel's consent to file this motion or otherwise communicated with opposing counsel about this motion.

Finally, IFG has filed another *Ex Parte* Motion for Leave to File Under Seal [doc. 41], seeking to file under seal an unredacted version of IFG's Reply Memorandum in Support of Motion to Remand, which again includes the Settlement Agreement as an exhibit. This motion

certifies "IFG contacted counsel for defendants, which did not object to this *ex parte* filing." Doc. 41 at ¶5.

As no oppositions to any of the foregoing motions have been filed, the court will treat all the motions as unopposed. For reasons set forth below, the court finds that each of the motions should be **GRANTED**.

## I.
### BACKGROUND

Plaintiff IFG Port Holdings LLC ("IFG") originally filed suit against the defendants T&S, Hartford Fire Insurance Company, and Navigators Insurance Company in the 14th Judicial District Court, Calcasieu Parish, Louisiana. Doc. 1, p. 2. The suit alleges various claims arising out of allegedly defectively constructed grain silos. *Id.,* att. 2. T&S removed the matter to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1332. *Id.* Plaintiff subsequently filed a Motion to Remand. Doc. 26. Plaintiff and defendant T&S now ask this court to issue various orders essentially for the purpose of placing under seal the Settlement Agreement that is attached as an exhibit to Plaintiff's Motion to Remand [doc. 28, att. 2], T&S's Memorandum in Opposition to the Motion to Remand [doc. 37, att. 1], Plaintiff's Reply Memorandum in support of the Motion to Remand [doc. 41, att. 2]. The Settlement Agreement contains a confidentiality provision requiring the parties to keep the terms of the agreement confidential. Doc. 28, ¶ 2; doc. 37, ¶ 2; doc. 41, ¶ 2. This Court has previously ordered the Settlement Agreement sealed [doc. 12] in connection with T&S's Motion to Dismiss for Failure to State a Claim [doc. 7].

## II.
### LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 5.2(d), a "court may order that a filing be made under seal without redaction." When considering a motion to seal, the court must consider the

public's "'common law right to inspect and copy judicial records.'" *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) (quoting *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)). "This right 'promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness[, and] serves as a check on the integrity of the system.'" *Id.* (quoting *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017)) (brackets in original). This common-law right is not absolute, however, and the "common law merely establishes a presumption of public access to judicial records." *Id.* at 225 (quoting *Van Waeyenberghe*, 990 F.2d at 848). "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *Id.* at 225 (quoting *Van Waeyenberghe*, 990 F.2d at 848).

Public policy, however, also "favors voluntary settlements which obviate the need for expensive and time-consuming litigation." *E.g.*, *Bass v. Phoenix Seadrill/78, Ltd.*, 749 F.2d 1154, 1164 (5th Cir. 1985). The Fifth Circuit "has recognized a district court's authority to narrowly tailor an order to seal a settlement agreement where the parties to the settlement agreed to maintain confidentiality and such confidentiality was a material inducement to settlement, given the fact that public policy favors voluntary settlements." *Bank of Am., N.A. v. Ztar Mobile, Inc.*, No. 3:23-CV-826-BN, 2024 WL 4428986 at *1 (N.D. Tex. Oct. 4, 2024) (citing *Seals v. Herzing Inc.*, 482 F. App'x 893, 896 (5th Cir. 2012)). Accordingly, motions to seal "require[] the Court to balance two competing public interests: (1) the public's right of access to judicial records, and (2) the 'public policy favor[ing] voluntary settlements,'" *Varsity Gay League LLC v. Nichols*, No. 3:22-CV-2711-B, 2023 WL 5284842 at *1 (N.D. Tex. Aug. 16, 2023) (citations omitted).

Here, the Court finds that the public's right of access is outweighed by the public policy of promoting voluntary settlement. *See Varsity Gay League*, 2023 WL 5284842 at *2. The parties' interest in sealing the Settlement Agreement is to keep it confidential as required by an express provision of the agreement. Doc. 28, ¶ 2; doc. 37, ¶ 2; doc. 41, ¶ 2. That both IFG and T&S are asking this Court to protect the Settlement Agreement evidences the confidentiality provision was a mutually material aspect of the agreement. The public's access to this information will not be severely restricted as IFG has stated it will file public, redacted versions of its pleadings [doc. 28, ¶ 4; doc. 41, ¶ 4], and T&S does not seek to redact its pleading but only to seal the Settlement Agreement [doc. 37, ¶3 & doc. 38]. Accordingly, each of the instant motions [docs. 28, 37, & 41] are **GRANTED**.

### III.
### CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that each of the instant motions [docs. 28, 37, & 41] is **GRANTED**, and, accordingly, the unredacted version of IFG's Memorandum in Support of Motion to Remand and Exhibit A thereto, the Settlement Agreement, [doc. 28, atts. 2, 3 & 4]; Exhibit 1 to T&S's Memorandum in Opposition to the Motion to Remand [doc. 37, att. 1]; and the unredacted version of IFG's Reply Memorandum in Support of Motion to Remand [doc. 41] each be withheld from the public docket and filed under seal until such time as the Court orders otherwise.

SO ORDERED at Lake Charles, Louisiana, this 26th day of December, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE